IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

PATRICIA GOMEZ,

    Plaintiff,

  v.

CEDAR OAKS APARTMENTS L.P., et al.,

    Defendants.

Case No. 1:21-cv-00830-DAD-BAK (SKO)

**ORDER RE: DISCOVERY**

Having considered the parties' letter briefs regarding their informal discovery dispute and having heard from counsel at the informal discovery dispute conference held on April 7, 2022, the Court hereby ORDERS as follows:

1. Plaintiff's request to compel production of Defendants' past three years of federal and state tax returns and past four years of financial records is GRANTED IN PART, as the records are relevant to Plaintiff's claim for punitive damages and responsive to a Request for Production propounded by Plaintiff. *See White v. Ford Motor Company*, 500 F.3d 963, 976–77 (9th Cir. 2007) (evidence of a defendant's finances, income, assets, and net worth is crucial to issues of punitive damages). However, the Court limits the required production to records sufficient to demonstrate Defendants' current financial condition, specifically financial records from the period one year before the date of this order, i.e., April 8, 2021, through April 8, 2022. *See Bennett v. 38604 10th St. E., LLC*, No. CV208858DMGPVCX, 2021 WL 5033490 (C.D. Cal. July 30, 2021) (granting the plaintiff's motion to compel production of documents about the defendant's financial condition,

including federal and state tax returns, as relevant to the plaintiff's claims for punitive damages under the federal Fair Housing Act ("FHA") and the California Fair Employment and Housing Act ("FEHA"), but limiting the scope of the discovery to documents from one year before the date of the court's order because only information about the defendant's current net worth was relevant); *Barajona v. C & R Canoga Park, LP*, No. CV191250TJHPLAX, 2019 WL 8886021 (C.D. Cal. Dec. 4, 2019) (granting the plaintiff's motion to compel production of documents sufficient to identify the defendant's current net worth as relevant to the plaintiff's claim for punitive damages under the FHA).

2. The parties are ORDERED to meet and confer to establish what financial records from April 8, 2021, to the present, are relevant to determining Defendants' current financial condition[1], and by no later than April 15, 2022, Defendants SHALL produce their federal and state tax returns from the past year and any other financial records agreed upon by the parties. Any privacy concerns can be addressed by redacting only the information which contains private or privileged information (i.e., SSNs, DOBs, etc.).

3. Plaintiff's request to compel production of a settlement agreement from a prior discrimination lawsuit against Defendants is DENIED, as Plaintiff failed to address the confidential nature of the settlement agreement or explain why her need for the agreement outweighs the privacy interests of the parties to that agreement. *See Gergawy v. United States Bakery, Inc.*, No. 2:19-CV-00417-SAB, 2021 WL 6141702 (E.D. Wash. Feb. 8, 2021) (denying the plaintiffs' request to compel

---

[1] Such documents might include, for example, financial statements; balance sheets; and federal, state, county, or local tax returns. *See Barajona*, 2019 WL 8886021, at *5 n.1. In the unlikely event that there remains a dispute about the financial records to be produced, the parties may file a formal motion regarding their discovery dispute pursuant to E.D. Cal. Local Rule 251.

Case No. 1:21-cv-00830-DAD-BAK (SKO)           – 2 –

disclosure of settlement agreements where the plaintiffs failed to show "that their need to see these agreements outweighs their confidential nature").[2]

IT IS SO ORDERED.

Dated:  **April 8, 2022**                    /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE

---

[2] In their letter brief, Defendants claimed that Plaintiff was demanding unredacted versions of certain documents produced during discovery.  As Plaintiff did not make such a request in her letter brief, the Court declines to address whether unredacted documents need to be produced.